Zachary Nightingale (California Bar #184501)
Stacey Gartland (California Bar #184694)
Kelsey Morales (California Bar #312362)
Van Der Hout, Brigagliano, & Nightingale, LLP
180 Sutter Street, Suite 500
San Francisco, CA 94104
Telephone: (415) 981-3000
Facsimile: (415) 981-3003

Attorneys for Plaintiff
ZUORA INC.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZUORA INC., <br><br> Plaintiff, <br><br> v. <br><br> Kathy A. BARAN, in her Official Capacity, Director of the California Service Center, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security; <br><br> L. Francis CISSNA, in his Official Capacity, Director, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security; and <br><br> Kirstjen NIELSEN, in her Official Capacity, Secretary, U.S. Department of Homeland Security <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURES ACT** <br><br> <u>Immigration Case, Administrative Procedure Act Case</u> |

Complaint                                                                                          Case. No. _____

# INTRODUCTION

1. This action asks the court to enter declaratory and injunctive relief against Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS") based on its improper denial of the Petition for a Nonimmigrant Worker (Form I-129), otherwise known as an H-1B visa petition, filed by ZUORA INC. on behalf of their prospective employee Mr. Naveen Kumar Reddy Thamatam.

2. Founded in 2007, Zuora is an enterprise software company with its headquarters located in San Mateo, California. On October 2, 2017, Zuora filed an H-1B visa petition on behalf of Mr. Thamatam in order to employ him in the specialty occupation of Technical Analyst (Computer Systems Analyst). Pursuant to the Immigration and Nationality Act, a United States employer may sponsor a qualified noncitizen to temporarily "perform services… in a specialty occupation." 8 U.S.C. §§ 1101(a)(15)(H)(i)(b); 1184(c). Employers sponsor qualified noncitizens by submitting Form I-129, an H-1B visa petition, with USCIS.

3. In the position of Technical Analyst, Mr. Thamatam would be employed and paid by Zuora in their Frisco, Texas office, and supervised by Zuora's Vice President of Services. As part of his job duties, he would be responsible for ensuring smooth implementation of Zuora's RevPro automation software at the offices of their client, Dun & Bradstreet, located in New Jersey. In support of the initial visa petition and then in response to USCIS's request for evidence, Zuora submitted substantial documentation, including, *inter alia*, letters from Kathleen Grimes, Zuora's human resource manager, a detailed job description listing all the duties and responsibilities associated with the position, and evidence of Mr. Thamatam's educational qualifications.

4. On February 1, 2018, USCIS denied Zuora's H-1B visa petition. The agency found that Zuora had failed to establish that the position of Technical Analyst, which falls within the standard occupational classification of Computer Systems Analyst, was a specialty occupation, i.e. one that requires a theoretical and practical application of a body of high specialized knowledge, and the attainment of a bachelor's degree or higher in the specific specialty (or equivalent thereof). In addition, the agency found that Zuora had failed to establish that it would

have a valid employer-employee relationship with Mr. Thamatam because it allegedly had not shown it would have the right to control his work at Dun & Bradstreet.

5. USCIS's denial of Zuora's H-1B petition is fundamentally flawed. It ignores critical evidence in the record, it is replete with factual errors, and it misapplies the applicable law. Such errors are contrary to the requirements for lawful adjudication under the Administrative Procedures Act ("APA") and require remedy by this Court. It is vital that USCIS's erroneous determination in this case be rectified not just for Zuora and its prospective employee Mr. Thamatam, but also because the issue is fundamental to the proper adjudication of the H-1B temporary worker visa program, as more than 65% of the H-1B petitions approved during the 2015 and 2016 Fiscal Years were for computer related occupations.[1] Left unchecked by judicial review, USCIS can continue to erratically and erroneously deny such applications, contrary to governing immigration law and the APA.

## JURISDICTION

6. The Court has jurisdiction over the present action pursuant to 8 U.S.C. § 1329, Immigration and Nationality Act jurisdiction; 28 U.S.C. § 1331, general federal question jurisdiction; and 5 U.S.C. § 702, the Administrative Procedure Act ("APA").

7. Plaintiff may seek judicial review upon denial of its visa petition without any further administrative appeal. *See EG Enterprises, Inc. v. Dep't of Homeland Sec.*, 467 F. Supp. 2d 728, 733 (E.D. Mich. 2006) (exercising jurisdiction upon finding plaintiff was not required to appeal the denial of its H-1B visa petition to the Administrative Appeals Office prior to filing suit; noting USCIS concurrence); *Young v. Reno*, 114 F.3d 879 (9th Cir. 1997) (petitioner was not required to appeal her visa revocation to the Board of Immigration Appeals prior to seeking review in district court).

//
//

---

[1] *See* Department of Homeland Security, "Characteristics of H1-B Specialty Occupation Workers," (May 5, 2017) 13 *available at* https://www.uscis.gov/sites/default/files/USCIS/Resources/Reports%20and%20Studies/H-1B/h-1B-FY16.pdf

Complaint                                          2                           Case. No. _____

## VENUE

8. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which the Defendants are employees or officers of the United States, acting in their official capacity, and an agency of the United States; because a substantial part of the events or omissions giving rise to the claim occurred in, and Plaintiff is located in and principally conducts business in, the Northern District of California; and there is no real property involved in this action.

## INTRADISTRICT ASSIGNMENT

9. This action should be assigned to the San Francisco Division because Plaintiff is located in and principally conducts business in San Mateo, CA. *See* Local Rules 3-2(c), (d).

## PARTIES

**Plaintiff**

10. ZUORA INC., is an enterprise software company that designs and sells Software-as-a-Service ("SaaS") applications for companies with a subscription based business model. Zuora's headquarters are located in San Mateo, CA, with satellite offices throughout North America, Europe, China, India, Japan, and Australia. On February 1, 2018, USCIS denied Zuora's Form I-129 Petition for a Nonimmigrant Worker filed on behalf of beneficiary Mr. Naveen Kumar Reddy Thamatam.

**Defendants**

11. Defendant Kathy A. BARAN is the director of the California Service Center. Among other things, the California Service Center is responsible for adjudicating visa petitions, such as the H-1B visa petition filed by Zuora.

12. L. Francis CISSNA is the Director of U.S. Citizenship and Immigration Services ("USCIS"). As the Director, Defendant Cissna has been delegated the authority to direct the administration of USCIS, and to enforce the Immigration and Nationality Act ("INA") and all other laws relating to the immigration of non-citizens. Defendant Cissna is responsible for USCIS' policies, practices, and procedures, and oversees the USCIS officers responsible for adjudicating Plaintiff's H-1B visa petition.

13. Defendant Kirstjen NIELSEN is the Secretary of the Department of Homeland Security ("DHS"). DHS is the federal agency encompassing USCIS, which is responsible for the administration and enforcement of the INA and all other laws relating to the immigration of non-citizens. In her official capacity as Director, Defendant Nielsen has responsibility for the administration and enforcement of the immigration and naturalization laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. No. 296, 116 Stat. 2135 (Nov. 25, 2002); *see also* 8 U.S.C. § 1103(a).

14. All individual Defendants are sued in their official capacities only.

## **LEGAL BACKROUND**

15. A United States employer may file an H-1B visa petition on behalf of a non-citizen worker. 8 U.S.C. § 1184(c). Regulations define the term "United States employer" to mean "a person, firm, corporation, contractor, or other association, or organization in the United States which:

(1) Engages a person to work within the United States;

(2) Has an employer-employee relationship with respect to employees under this part, as indicated by the fact that it may hire, pay, fire, supervise, or otherwise control the work of any such employee; and

(3) Has an Internal Revenue Service Tax identification number.

8 C.F.R. § 214.2(h)(4)(ii).

16. An H-1B nonimmigrant employment visa allows a non-citizen to obtain temporary admission to the United States to "perform services … in a specialty occupation." 8 U.S.C. §1101(a)(15)(H)(i)(b). A specialty occupation requires:

(A) theoretical and practical application of a body of highly specialized knowledge, and

(B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States.

8 U.S.C. § 1184(i)(1). To qualify as a specialty occupation, the position must meet *one* of the following criteria:

1     (1) A baccalaureate or higher degree or its equivalent is normally the minimum
2     requirement for entry into the particular position;
3     (2) The degree requirement is common to the industry in parallel positions among similar
4     organizations or, in the alternative, an employer may show that its particular position is
5     so complex or unique that it can be performed only by an individual with a degree;
6     (3) The employer normally requires a degree or its equivalent for the position; or
7     (4) The nature of the specific duties are so specialized and complex that knowledge
8     required to perform the duties is usually associated with the attainment of a baccalaureate
9     or higher degree.

8 C.F.R. § 214.2(h)(4)(iii)(A).

## FACTUAL ALLEGATIONS

17. Plaintiff Zuora is an enterprise software company with its headquarters located in San Mateo, California and satellite offices throughout North America, Europe, China, India, Japan, and Australia. *See* Declaration of Zachary Nightingale in Support of Complaint ("ZN Dec.") at 2. Zuora designs and sells Software-as-a-Service ("SaaS") applications for companies with a subscription based business model and provides a suite of commerce, billing, and finance applications that lead the way for businesses to move successfully to the subscription economy.

18. On October 2, 2017, Zuora filed a Form I-129 Petition for Nonimmigrant Worker on behalf of Mr. Naveen Thamatam in order to employ Mr. Thamatam, a citizen and national of India, in the position of Technical Analyst. ZN Dec. at 3. In the position of Technical Analyst, Mr. Thamatam would be employed and paid by Zuora in their Frisco, Texas office, and supervised by Zuora's Vice President of Services. As part of his job duties, he would be responsible for ensuring smooth implementation of Zuora's RevPro automation software at the offices of their client, Dun & Bradstreet, located in New Jersey. *Id. See also* ZN Dec. Exhibit ("Exh.") A (Decision by USCIS) at 3-5 (listing the duties of the proffered position). In support of its petition, Zuora provided a letter describing the position offered and the associated job duties and responsibilities, among other documents. ZN Dec. at 3. In addition, Zuora submitted evidence establishing that Mr. Thamatam is more than qualified for the position of Technical

Analyst. *Id.* For example, Zuora submitted a copy of Mr. Thamatam's Master of Science degree in Computer Science from the University of New Orleans and a copy of his Bachelor of Technology degree in Computer Science and Engineering from Jawaharlal Nehru Technological University in India. *Id.*

19. On November 3, 2017, USCIS issued a request for evidence ("RFE"). ZN Dec. at 4. In the RFE, USCIS noted that it found that the beneficiary will perform many of the duties of a Computer System Analyst, as listed in the *Occupational Outlook Handbook* ("OOH"). *Id.* USCIS found that Zuora had not established that the position offered to Mr. Thamatam was a specialty occupation because it concluded that the OOH indicated that the position of a Computer System Analyst does not require a bachelor's level of education as a normal, minimum for entry into the occupation. *Id*. In addition, USCIS found the evidence submitted in the petition insufficient to demonstrate that Zuora controls the manner and means of Mr. Thamatam's employment at Dun & Bradstreet. *Id.* USCIS invited Zuora to provide additional information to establish the position of Technical Analyst is a specialty occupation and to demonstrate the existence of a valid employer-employee relationship. *Id.*

20. In response, Zuora filed a cover letter and supporting evidence on January 18, 2018. ZN Dec. at 5. Zuora provided a letter from its Human Resource Manager, confirming that the minimum educational requirement for the position is a Bachelor of Science degree in Computer Science, Computer Engineering, or a related field, a detailed job description, showing the duties, percentage of time for each duty, and specific technical skills required to successful fulfill each job duty, and various articles noting that a bachelor's degree in a specific specialty is generally required for the position of Computer Systems Analyst, in addition to other documents establishing that a bachelor's degree is normally the minimum requirement for entry into the position and common to the industry. *Id.* In addition, Zuora provided various documents, including an affidavit from the company's Vice President of Global Services attesting to the fact that Zuora will have sole control over Mr. Thamatam's work and directly supervise him throughout the duration of the H-1B validity, as evidence of pertaining to a valid employer-employee relationship. *Id.*

21. Subsequently, on February 1, 2018, USCIS issued a decision denying Zuora's H-1B petition on behalf of Mr. Thamatam. *See* ZN Dec. Exh. A. The agency found that Zuora had failed to establish that the position of a Technical Analyst was a specialty occupation pursuant to 8 C.F.R. § 214.2(h)(4)(iii)(A). *Id.* at 5-11. Specifically, USCIS found that, in regard to the requirements at 8 C.F.R. § 214.2(h)(4)(iii)(A):

- According to its interpretation of the OOH, a bachelor's degree or higher in a specific specialty is not normally the minimum required for entry into the occupation of Computer Systems Analyst;
- Zuora has not submitted sufficient documentation to show that the degree requirement is common to the industry in parallel positions among similar organizations in finding that the several job postings submitted in the RFE failed to show that Zuora and those employers share similar characteristics;
- The job duties for the proffered position do not establish that the position is more unique or complex than other similar positions within the same industry;
- It could not determine whether the employer normally requires a degree for the position after finding that Zuora's submission of the degrees, transcripts, and evaluations for the employee who currently holds the job of Technical Analyst did not include this employee's job duties and thus USCIS was unable to compare his duties with the beneficiary's duties; and
- The record contained insufficient information to establish that the nature of the duties are so complex and specialized that the knowledge required to perform the duties is usually associated with the attainment of a bachelor's degree or higher degree in a specific specialty.

22. In addition, USCIS found that Zuora had not established its right to control when, where, and how the beneficiary performs the work with their client and thus failed to establish a valid employer-employee relationship. *See* ZN Dec. Exh. A at 13-14.

//

//

Complaint 7 Case. No. _____

**COUNT ONE**
**Violation of the Administrative Procedures Act**
**5 U.S.C. § 701, et seq.**

23. Plaintiff re-alleges and incorporated herein by reference, as if fully set forth herein, the allegation in paragraphs 1-22 above.

24. The APA requires this Court to hold unlawful and set aside any agency action that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; [or] (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2).

25. Here, Defendants acted arbitrarily, capriciously, and contrary to law in violation of the Administrative Procedure Act by denying Zuora's H-1B visa petition on behalf of Mr. Thamatam. In denying Zuora's H-1B visa petition, USCIS committed five (5) errors warranting remedy – it rejected all four alternative possible bases on which the job offered qualifies as a specialty occupation, even though Zuora demonstrated that any one of the four grounds would be sufficient, and it found a lack of valid employer-employee relationship, improperly describing Zuora as essentially just a job placement company without considering Zuora's unique software and services that it provides to its clients. Indeed, such a decision cannot stand in light of evidence presented before the agency, which, when properly analyzed, was more than sufficient to establish the existence of a specialty occupation and a valid employer-employee relationship under the applicable standard of proof, preponderance of the evidence. *See Matter of Chawathe*, 25 I&N Dec. 369, 375 (AAO 2010).

26. First, USCIS acted arbitrarily and capriciously in finding that the OOH indicates that a bachelor's degree or its equivalent *in a specific specialty* is not normally the minimum required for entry into the occupation of Computer Systems Analyst. *See* ZN Dec. Exh. A at 6-7. USCIS erred in two ways. First, it erred in its interpretation of the definition of "specialty occupation" as it appears to believe that the definition requires that the job require a bachelor's degree in a very specific specialty that precisely matches the occupation. This is not, and has never been, the correct interpretation of the definition of specialty occupation, since many occupations do not correspond to (or require) just one particular field of undergraduate study. Second, the OOH

clearly indicates that at least a Bachelor's degree in a computer-related field is a common minimum qualification for this occupation. In the Education section for Computer Systems Analyst, the OOH states "Most computer systems analysts have a bachelor's degree in a computer-related field… For more technically complex jobs, a master's degree in computer science may be more appropriate." *See id.* USCIS may not arbitrarily apply portions of the OOH. Proper review of the OOH demonstrates that the position of Computer Systems Analyst qualifies as a specialty occupation.

27. Second, USCIS did not act in accordance with the law in finding that a degree requirement is not common to the industry in parallel positions among similar organizations. ZN Dec. Exh. A at 8-9. USCIS disregarded job postings submitted by Zuora establishing that a bachelor's degree or its equivalent in a specific specialty is common to the industry in finding that it was unable to determine whether the job advertisements were from employers who share similar characteristics with Zuora. *Id.* However, such analysis misapplies the relevant standard, which focuses on whether a degree is *common to the industry*, rather than whether Zuora and these organizations share similar characteristics. 8 C.F.R. § 214.2(h)(4)(iii)(A)(2). In addition, USCIS abused its discretion when it failed to address various articles articulating that a bachelor's degree in a specific specialty is generally required for a Computer Systems Analyst position, thus highlighting how the degree requirement is common to the industry. Such a failure to properly apply the law and disregarding critical evidence is contrary to the APA.

28. Third, USCIS erred in finding that it could not determine whether Zuora normally requires a degree for the proffered position. ZN Dec. Exh. A at 10-11. In so finding, USCIS ignored the evidence presented, including a letter from the employer and supporting documentations establishing that Zuora would only hire candidates with a bachelor's degree in Computer Science or related field for the position. *See* ZN Dec. at 5. In addition, Zuora ignored evidence of a bachelor's degree from a current employee holding the same position because the submission did not include the job duties and responsibilities of that individual and thus USCIS found it was unable to compare the position with the beneficiary's duties. ZN Dec. Exh. A. at 10. But Zuora did submit the job duties for a Technical Analyst position and thus USCIS could have

compared the positions (both the beneficiary and the current employee fill the same position of Technical Analyst). Once again, USCIS abused its discretion in failing to consider evidence submitted in support of the H-1B petition.

29. Fourth, USCIS erred in finding that the record contained insufficient information to establish the nature of the specific duties were so complex and specialized as to require knowledge usually associated with the attainment of a bachelor's degree or higher. ZN Dec. Exh. A at 11. USCIS failed to consider the evidence submitted, such as letters from the employer and the duties of the position, in finding that the position did not meet the criteria listed in 8 C.F.R. § 214.2(h)(4)(iii)(A)(4).

30. Fifth (and lastly), USCIS acted arbitrarily and capriciously in finding no valid employer-employee relationship. ZN Dec. Exh. A at 11-14. In particular, USCIS ignored evidence in the record, including letters from Zuora's Human Resource Manager and Vice President of Global Services attesting that the company would have sole control over Mr. Thamatam's work and directly supervise him throughout the duration of the H-1B validity and Zuora's contracts with Dun & Bradstreet showing it was not a contract for hire, but rather for software sales. Such a failure to analyze critical, on point evidence, cannot stand.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray that this Court grant the following relief:

(1) Accept jurisdiction over this action;

(2) Reverse the USCIS decision and grant Plaintiff's I-129 petition on behalf of Mr. Thamatam;

(3) Grant reasonable attorneys' fees and costs as provided under the Equal Access to Justice Act and the APA;

(4) Grant such further relief as the Court deems just and proper.

Dated: March 6, 2018

Respectfully submitted,
s/Zachary Nightingale
Zachary Nightingale
Stacey Gartland
Kelsey Morales
Attorneys for Plaintiff